IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA RODRIGUEZ,        )
        Plaintiff,        )
                           )
    v.                     )    Civil Action No. 07-1238
                           )
                           )
COMMISSIONER OF SOCIAL     )
SECURITY,                  )
        Defendant.        )

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (Docket No.10) be denied; that the defendant's motion for summary judgment (Docket No.15) be granted; that the decision of the Commissioner be affirmed and that judgment be entered accordingly.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On September 18, 2007, Victoria Rodriguez, by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

On June 24, 2002, the plaintiff filed an application for disability benefits alleging that she was disabled (R.76-78), and benefits were denied on October 30, 2002 (R.46-49). On March 16,

2004, the plaintiff filed a second application for disability benefits (R. 79-81) and benefits were denied on July 6, 2004 (R.52-56). On November 12, 2002 and again on July 16, 2004, the plaintiff requested a hearing (R.50, 57) and pursuant to that request a hearing was held on July 12, 2006 (R.413-450). In a decision dated August 22, 2006, benefits were denied (R.11-22), and on September 22, 2006, reconsideration was requested (R.8-10). Upon reconsideration and in a decision dated August 17, 2007, the Appeals Council affirmed the prior determination (R.3-7). On September 18, 2007, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on July 12, 2006 (R.413-450), the plaintiff testified that she was born on August 15, 1945 (R.419); that she completed the fourth grade (R.419); that she worked as a

home attendant for the elderly (R. 422-424) and that she last worked on July 31, 1997 when she ceased working due to tremors (R.420, 424).

The plaintiff also testified that she suffers from tremors and migraines (R.425, 441) and that she is also being treated for depression and anxiety (R. 428, 448).

At the hearing a vocational expert was also called upon to testify (R.441-448). He classified the plaintiff's former employ as medium semiskilled work (R.443). The witness was asked to assume an individual of the plaintiff's age, education and work experience who could perform medium work activity limited to simple, routine, repetitive tasks and responded that there were a large number of jobs such an individual could perform (R.443-445). With the same limitations but restricting the individual to light work activity, the witness again responded that there were a wide range of jobs such a person could perform (R.445). However, he also testified that if the person experienced excessive absences or required extensive breaks or experienced constant tremors, she could not be employed at those positions (R.446-447).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff last met the insured status requirements on March 31, 2001 (R.417).

The plaintiff was treated by Dr. Orlando Torres between May 25, 2001 and April 24, 2002 for knee and hip pain (R.294-300).

The plaintiff received treatment for an anxiety disorder in Puerto Rico between January 10, 2001 and April 2, 2002 when her condition was said to be improved (R.181-293).

The plaintiff was treated by Dr. A. Timothy Saloom on September 4, 2002 and a diagnosis of Parkinson's syndrome and essential tremors was made. He certified that she was disabled from September 4, 2002 to November 1, 2002. A neurological evaluation was recommended and medication was prescribed (R.302-308).

In a report of an internal medicine evaluation conducted on September 9, 2002, Dr. Emilio Navarro noted complaints of migraines and tremors. It was observed that the plaintiff could frequently lift ten pounds, occasionally lift twenty pounds and stand, walk or sit for up to four hours (R.309-318).

In a report of a psychological evaluation conducted on September 12, 2002, Tim Bridges, Ph.D. diagnosed an anxiety disorder. The plaintiff's occupational adjustments were said to be "fair" (R.319-325).

In a psychiatric review completed on October 11, 2002, a mild anxiety disorder which did not meet the Social Security requirements for disability was noted (R.326-339).

A residual functional review completed on October 28, 2002, noted that no exertional limitations existed (R.127-132).

In a report of an examination conducted on December 2, 2002, Dr. Lavonna Branker diagnosed stable hypothyroidism, probable Parkinson's disease, and stable migraine headaches. It was noted that the plaintiff could perform work related activities and should seek further treatment for possible Parkinson's disease (R.340-345).

In a report of an examination conducted on April 7, 2003, Dr. Tseday E-Sirak indicated that the plaintiff could engage in any work not requiring fine hand movements (R.412).

The plaintiff was treated at the St. Barnabas Hospital emergency room on May 11, 2003 following a car accident. She was directed to see her primary care physician (R.346-352).

The plaintiff was treated at the Jacobi Medical Center clinics between January 18, 1996 and July 7, 2003 for breast calcifications, hypothyroidism, menopause and migraines. Medication was prescribed (R.353-393).

In a report of a neurological evaluation conducted on February 12, 2004, Dr. Michael K. Sauter noted tremors and migraines and prescribed medication (R.394-396).

In a residual functional capacity evaluation completed on May 25, 2004 no physical limitations were reported (R.164-171).

In a report of a psychiatric review completed on June 22, 2004, Roger Glover, Ph.D. diagnosed a non-severe anxiety disorder. Any limitations were said to be mild (R.397-411).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some

6

cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> On and prior to her date last insured [March 31, 2001], the medical evidence establishes that the claimant had the impairments of Parkinson's disease versus essential tremors, a history of migraines, and a major depressive disorder with anxiety. These impairments had more than a minimal impact upon the claimant's

7

ability to engage in work-related activities. Consequently, there were "severe" impairments.

The claimant also has hypothyroidism, but it was not diagnosed until August or September, 2002, and, it is controlled with the use of the medication Synthroid... to the extent that this impairment existed in the claimant on or before her date last insured, it would have had no more than a minimal impact upon the claimant's ability to engage in work-related activities....

[W]hen the claimant's subjective allegations are evaluated in accordance with Social Security Regulations ... and when they are contrasted with the record as a whole, including the objective medical findings upon physical examination and mental status examination, the claimant's course of treatment, the medical opinion evidence of record, and the claimant's activities of daily living, her subjective allegations are found to be exaggerated and not fully credible to the extent that claimant alleges to have been 'disabled" by them on or prior to [March 31, 2001] ...

In regard to the claimant's complaints of migraine headaches... the record indicates that the claimant complained to the doctor of headaches on only three occasions, and indicate that the claimant was being treated with the medication, Fioricet, which appears to have controlled the headaches...

Based upon the foregoing ... the Administrative Law Judge finds that, on and prior to her date last insured ... the claimant may have experienced migraine headaches, but that they were controlled and/or promptly relieved with the use of prescription medications...

In regard to the claimant's allegations regarding Parkinson's disease... the Administrative Law Judge notes that the record from the primary care physician covering the period from May, 2001, into April, 2002, contains no reference to tremors, loss of balance, or Parkinson's disease. When the claimant was evaluated by a primary care physician in September, 2002, well after her date last insured, the doctor reported that the claimant did report a history of Parkinson's disease, diagnosed in Puerto Rico, but also indicated that the claimant had no confirmatory testing or old medical records...

[W]hile the claimant alleges disabling tremors on and prior to her date last insured on March 31, 2001, there is no objective evidence regarding the tremors, alleged loss of balance, or a diagnosis of Parkinson's disease until September 2, 2002, over a year after the expiration of the claimant's date last insured for disability insurance purposes.

> Moreover, although the claimant alleges disabling tremors in her hands and head, and a gait disturbance, on and prior to her date last insured, in September, 2002, well after her date last insured, an evaluating psychologist noted that the claimant essentially cared for her own daily routines, noted that the claimant had no obvious problems ambulating, and, noted that he observed only minor hand tremors during the evaluation, indicating that the tremors could be attributed to the claimant's nervousness while undergoing psychological evaluation.
>
> Moreover, as late as April, 2003, an evaluating physician reported that the claimant had tremors, especially of her head, and her hands, but described the tremors of the hands as mild. The doctor also reported that the claimant would need to avoid only activities such as delicate handling of objects and handling of fine instruments...
>
> The foregoing discussion of the medical evidence does not support the claimant's allegations of disabling symptoms from her Parkinson's versus essential tremors on or prior to her date last insured...
>
> The Administrative Law Judge also notes that the claimant's activities of daily living do not support her subjective allegations of disabling migraines or symptoms from Parkinson's disease on and prior to the claimant's date last insured.
>
> * * *
>
> [T]he Administrative Law Judge is convinced that the claimant retained the ability to perform no more than simple, routine, repetitive tasks, not performed in a production or quota based environment, involving only occasional interaction with supervisors, coworkers, and the general public, and requiring no prolonged reading for content or comprehension.
>
> * * *
>
> [A]fter reviewing the entire record, including the objective findings, the testimony of the claimant, and the input from the vocational expert, the Administrative Law Judge finds that the claimant was capable of performing a wide range of medium work on and before her date last insured of March 31, 2001. Therefore, the claimant was "not disabled", as defined in the Social Security Act... (R.15-21).

The record demonstrates that prior to the date on which the plaintiff was last insured, March 31, 2001, she suffered from some minor tremors, minor migraine headaches and

hypothyroidism. The latter two symptoms were medically controlled and neither they nor her tremors interfered with her ability to engage in normal activities. Thus, with some limitations, it is clear that the finding of the Commissioner that she could be gainfully employed prior to the date on which she was last insured is supported by substantial evidence.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence. For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's motion for summary judgment be granted; that the decision of the Commissioner be affirmed and that judgment be entered accordingly.

Within ten days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                    Respectfully submitted,

                    s/ ROBERT C. MITCHELL,
                    United States Magistrate Judge

Dated: May 7, 2008